The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, Arkansas 72687-9605
Dear Representative Purdom:
This is in response to your request for an opinion on two questions concerning Act 1244 of 1991, codified at A.C.A. §§6-53-101—505, and the administration of technical colleges. Specifically, you note that the act provides that each technical college shall be governed by a local board of trustees. You also indicate that under the act, Twin Lakes Vocational-Technical School of Harrison becomes a technical college, and that as of yet, a governing board has not been appointed.
Your two questions are as follows:
 1. Under the provisions of Act 1244, would there be a violation of the Act if a governing board is not appointed?
 2. Under the provisions of Act 1244, it calls for a merger of certain community colleges and technical colleges. Would there be a violation of the Act if the State Board of Higher Education appoints an advisory board to serve instead of a governing board appointed by the governor in order to bring about merger of the two schools?
In response to your first question, it would be a "violation" of the act if a local board is never appointed to administer a technical college. Act 1244, however, does provide that the "College Panel" of the State Board of Higher Education "shall be responsible for the operation of all technical colleges . . . until such time as a local board is appointed." A.C.A. §6-53-301(d) (Cum. Supp. 1991). There is no time limitation set out in the act within which a local board must be appointed. The act does, however, contemplate the eventual appointment of such a board.
The answer to your second question, in my opinion, is "no." Act 1244 provides generally, as regards such mergers, and specifically, as to any merger between Twin Lakes Vocational Technical School and North Arkansas Community College, that the technical college, in the interim period between a vote to merge and the obtaining of a change of institutional status from North Central Association — Commission on Institutions of Higher Education, shall be governed by the State Board of Higher Education. A.C.A. § 6-53-301n. See also A.C.A. § 6-53-209. In my opinion, the State Board of Education, in its administration of this duty, has authority to set up an advisory body to assist its decisions in governing the college. Section 24 of Act 1244 of 1991 at subsection (b), codified at A.C.A. § 6-53-301n, provides in pertinent part as follows:
 (b)(1) If approved by majority vote of the qualified electors of Boone County voting in a special election before July 1, 1991, Twin Lakes Technical College shall become a candidate for merger with North Arkansas Community College.
* * *
 (b)(6) Upon approval by the voters to begin the merger process, the technical college shall be governed by the State Board of Higher Education in accordance with the provisions of Section 18 and subsection (f), (h) and (i) of Section 17 during the interim period of seeking approval for change of institutional status from North Central Association — Commission on Institutions of Higher Education.
 (b)(7) Notwithstanding the provisions of Section 19(a), if the voters of Boone County do not approve the measure, then Twin Lakes Technical College shall continue to be a technical college and shall be subject to the provisions of subsection (g) of Section 19. [Providing for abolishment of the technical college for failure to obtain accreditation in six years.]
You have not indicated in your request whether any vote to merge Twin Lakes Vocational Technical College with North Arkansas Community College has been taken, or the result of any such vote. If no merger was approved, the "College Panel" of the State Board of Higher Education governs the college until the Governor appoints a local board. A.C.A. § 6-53-301(d). If a merger was approved, the State Board of Higher Education governs the college until a change of institutional status has been approved by the North Central Association — Commission on Institutions of Higher Education. A.C.A. § 6-53-209 and A.C.A. § 6-53-301n.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh